Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORGIATO INC. a California Corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:  2:24-cv-10730<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**(17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Backgrid USA, Inc., complains against Defendant Forgiato Inc., and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Backgrid, USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4. On information and belief, Defendant Forgiato Inc. ("Forgiato") is a corporation existing under the laws of California. On information and belief, its principal place of business is in Sun Valley, California.

5. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Content that Frames This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-

photograph agencies that has earned a reputation for regularly breaking scoops on sought-after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand works, Backgrid owns coveted photographs and video of Kim Kardashian (the "Kardashian Content"). The Kardashian Content that is at issue in this action is timely registered. Backgrid filed for copyright registration of the Kardashian Content within 90 days of its first publication with the United States Copyright Office. The copyright registrations are shown hereto in Exhibit A.

*Defendants and Their Willfully Infringing Activity*

8. Defendant Forgiato is a high-end custom wheel manufacturer for performance cars. On information and belief, to promote its brand and product, Defendant controls and operates two Instagram Accounts, instagram.com/forgiato and instagram.com/wheels ("Instagram Accounts").

9. Defendants reproduced, distributed, displayed, and created unauthorized derivative works of the Kardashian Content on the Instagram Accounts without consent or license, as shown in Exhibit B, which is incorporated herein by reference. Exhibit B includes a photo and a screenshot of the video which together are the Kardashian Content.

10. Defendants violated federal law by willfully infringing Backgrid's copyrights to at least two works, the Kardashian Content, on, at least, the Instagram Accounts. Among other things, Defendants are sophisticated parties who protect their own intellectual property. For example, Defendants filed a copyright registration for the Forgiato website with the United States Copyright Office,

VA0001806985. Defendants also filed trademark registrations for their trademarks with the United States Patent and Trademark Office.

11. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Kardashian Content and derivatives thereof, all while knowing or having reason to know of the infringement on the Instagram Accounts was without permission, consent, or license.

12. On information and belief, Defendants operate and control the Instagram Accounts at all times relevant to this dispute and financially benefit from the infringement of the Kardashian Content displayed thereto. On information and belief, Defendants have driven significant traffic to their Instagram Accounts, and therefore increased its revenues, in large part due to the presence of the sought-after and searched-for Kardashian Content that frames this dispute. All of this traffic translates into a substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

13. Backgrid attempted to resolve this dispute prior to filing this above captioned action.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

14. Backgrid incorporates by reference the allegations in paragraphs 1 through 13 above.

15. Backgrid is the owner of all rights, title, and interest in the copyrights of the Kardashian Content s that frames this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

16. Backgrid filed for copyright registration of the Kardashian Content within 90 days of their first publication with the United States Copyright Office.

17. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying,

distributing, and utilizing the Kardashian Content for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

18. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

19. Backgrid has identified at least two instances of infringement by way of the unlawful reproduction and display of Backgrid's Kardashian Content.

20. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

21. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs and video by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from Backgrid's copyrights.

22. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

23. The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work in statutory damages for each of the two infringed works, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting,

1  advertising, distributing, or selling, or any other form of dealing or transaction in, any and all works owned by Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  December 12, 2024                    **ONE LLP**

                                             By:  /s/ Joanna Ardalan
                                                  Joanna Ardalan

                                             *Attorneys for Plaintiff,*
                                             Backgrid USA, Inc.

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: December 12, 2024                    **ONE LLP**

                                            By:  /s/ Joanna Ardalan
                                                 Joanna Ardalan

                                                 *Attorneys for Plaintiff,*
                                                 Backgrid USA, Inc.